ASH

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marlon Alcides Palma-Platero, | No. CV 17-01484-PHX-DGC (DKD) |
| Petitioner, | |
| v. | **ORDER** |
| Jeff B. Sessions, III, et al., | |
| Respondents. | |

On May 16, 2017, Petitioner Marlon Alcides Palma-Platero filed, through counsel, a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) and a Motion for Preliminary Injunction and/or Temporary Restraining Order (Doc. 3). On June 5, 2017, the Court entered an Order to Show Cause requiring Respondents Jeff Sessions, III, John F. Kelly, and Enrique Lucero[1] to show cause why the petition should not be summarily granted for the reasons set forth in the order.

On June 19, 2017, Respondents filed a combined Answer and Response to the Order to Show Cause and Response to the Petition (Doc. 9). On June 20, 2017, Petitioner filed a Reply (Doc. 14), followed subsequently by two Notices of Supplemental Authority and three Motions to Expedite Ruling (Docs. 6, 11, and 13).[2] The Court will

---

[1] The Court dismissed Respondents Juan P. Osuna and Cara O. Knapp after concluding that these individuals were not proper Respondents in a habeas case challenging a petitioner's confinement.

[2] Respondents have also filed a Response to the Notice of Supplemental Authority (Doc. 12).

grant the Petition and deny as moot Petitioner's Motion for Preliminary Injunction and/or Temporary Restraining Order, as well as the two Motions to Expedite.

## I. Background

Petitioner is a native and citizen of El Salvador. Petitioner first entered the United States in June 2001 and was subsequently removed in 2011. (Doc. 1 at 5). Sometime thereafter, Petitioner returned to the United States seeking asylum. (*Id.*). When DHS sought to reinstate Petitioner's prior order of removal, Petitioner claimed a fear of returning to his country of origin and the reinstatement of his removal order was suspended pursuant to 8 C.F.R. § 1208.31. (*Id.* at 6.) Petitioner was subsequently detained by ICE and given a reasonable fear interview, as a result of which he received "a positive reasonable fear determination" and was placed into "withholding only proceedings" pursuant to 8 C.F.R. § 1208.2(c)(3). (*Id.*).

As part of those proceedings, Petitioner applied for Withholding of Removal and relief under the Convention Against Torture Act. (*Id.*) Petitioner's hearing on his claim for protection from return to El Salvador was scheduled for June 28, 2017. (*Id.*).

Meanwhile, on April 27, 2017, Petitioner filed a request for a bond redetermination hearing with the Immigration Judge. (*Id.*). However, no hearing was held. (*Id.*). Instead, on April 28, 2017, Immigration Judge Knapp denied the motion on the basis that she lacked jurisdiction to consider the motion because Petitioner "is in Withholding-Only proceedings." (*Id.*, Doc. 1-7). Petitioner's appeal of that ruling remains pending.

## II. Petition

Petitioner states that he has now been "detained longer than six months under the authority of either 8 U.S.C. § 1236(a) or 8 U.S.C. § 1231(a)." (*Id.* at 2.) Petitioner contends that pursuant to *Rodriguez v. Robbins (Rodriguez III)*, 804 F.3d 1060 (9th Cir. 2015), and *Diouf v. Napolitano*, 634 F.3d 1081 (9th Cir. 2011), mandatory detention under these statutes terminates after six months, at which time the detained alien must be granted a hearing to determine whether he or she may be released from custody on bond.

(*Id*. at 2-3.). Similarly, in his Motion for Preliminary Injunction and/or Temporary Restraining Order, Petitioner seeks an order requiring Respondents to provide him with an individualized bond hearing as soon as possible. (Doc. 3 at 1-2).

Petitioner acknowledges that he has failed to exhaust his administrative remedies because his challenge to the IJ's decision is still pending. He argues, however, that exhaustion is a prudential rather than a jurisdictional, requirement and the factors favoring application of the exhaustion requirement are not present here. Specifically, Petitioner claims that an administrative appellate record is not material to "the purely legal issue of whether aliens in withholding-only proceedings are entitled . . . to bond hearings after six months of ICE detention" (Doc. 1 at 20); that a decision to waive the exhaustion requirement will not encourage litigants to bypass the administrative review scheme, but will instead prevent this issue from arising in the future; and that BIA review would not preclude the need for judicial review because the parties would undoubtedly seek further review in this Court or in the Court of Appeals.

**III.   Response to Order to Show Cause**

Respondents argue that the Petition should be dismissed for lack of jurisdiction because Petitioner has not yet exhausted his administrative remedies. According to Respondents, this action is an improper attempt to circumvent the administrative review process and would, if successful, encourage other litigants to sidestep the administrative review scheme.

Respondents also argue that the Petition is subject to dismissal on the merits. They claim that the order of reinstatement is a final order and that Petitioner is therefore detained pursuant to 8 U.S.C. § 1231, not § 1226. Thus, according to Respondents, Petitioner is in withholding-only proceedings, not removal proceedings, and the IJ properly held that the immigration court lacked jurisdiction under 8 C.F.R. §§ 1003.19(a) and 1236.1(d) to redetermine Petitioner's custody status. Respondents further allege that the Ninth Circuit's decisions in *Diouf II* and *Rodriguez III* do not support Petitioner's

claim because those holdings do not apply to aliens subject to reinstated orders of removal.

**IV. Discussion**

**A. Detention Authority**

While there was disagreement as to the source of the government's detention authority in this case, after the Order to Show Cause was issued, the Ninth Circuit held that the finality of a reinstated removal order is not affected by the pendency of withholding-only proceedings. *Padilla-Ramirez v. Bible*, ___ F.3d ____, 2017 WL 2871513, at *4 (9th Cir. Jul. 6, 2017). Thus, aliens in withholding-only proceedings are detained pursuant to the government's § 1231(a) post-removal detention authority, rather than the pre-removal detention authority provided by § 1226(a). *Id.* The Court therefore concludes that Petitioner is being detained pursuant to § 1231(a).

**B. Exhaustion**

As Petitioner notes, exhaustion is a prudential rather than a jurisdictional requirement. *Singh v. Holder*, 638 F.3d 1196, 1203 n. 3 (9th Cir. 2011). Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; or (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review. *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007). Even if these factors favor application of the exhaustion requirement, however, waiver of the requirement may nevertheless be appropriate "where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (citation and quotation marks omitted).

Respondents rely solely on the second factor enumerated in *Puga* to argue that Petitioner should be precluded from seeking review in this Court until his BIA appeal is

complete. But the Court has identified no fewer than six cases in this District where the exhaustion requirement was waived for similarly-situated petitioners. *See Rivas-Moreira v. Lynch*, CV 16-04518-PHX-DJH (BSB), Doc. 17; *Mendez-Cruz v. Lynch*, CV 16-04416-PHX-GMS (DMF), Doc. 18; *Velarde-Maldonado v. Sessions*, CV 17-01018-PHX-JJT (MHB), Doc. 16; *Urias-Alvarenga v. Sessions*, CV 17-01005-PHX-JJT (JFM), Doc. 17; *Fuentes-Barnett v. Sessions*, CV 17-00858-PHX-DGC (JZB), Doc. 24; *Gomez-Vasquez v. Lynch*, CV 17-00269-PHX-JJT (JFM), Doc. 11. The Court finds that the potential for irreparable harm to Petitioner, in the form of continued unlawful detention, outweighs any incremental incentive that a waiver of the exhaustion requirement would provide to potential litigants.

### C. Application of *Diouf II*

Petitioner maintains that he is entitled to a bond hearing pursuant to *Diouf II*. In that case, the Ninth Circuit addressed the due process requirements for prolonged detention under 8 U.S.C. §§ 1226(a) and 1231(a)(6). The court concluded that because prolonged detention of an alien without an individualized determination of flight risk and danger would "raise serious constitutional concerns," aliens facing prolonged detention under § 1231(a)(6) "are entitled to a bond hearing before an immigration judge and [are] entitled to be released from detention unless the government establishes that the alien poses a risk of flight or a danger to the community." *Diouf II*, 634 F.3d at 1092.

Respondents' efforts to distinguish *Diouf II* are unavailing. Although the petitioner in *Diouf II* was undertaking a collateral challenge to his removal order, the Ninth Circuit expressly extended the right to a bond hearing to *all* aliens detained under § 1231(a)(6), stating: "Section 1231(a)(6) encompasses aliens such as Diouf, whose collateral challenge to his removal order (a motion to reopen) is pending in the court of appeals, *as well as to aliens who have exhausted all direct and collateral review of their removal orders* but who, for one reason or another, have not yet been removed from the United States." *Diouf II*, 634 F.3d at 1085 (emphasis added). Respondents do not identify any basis for concluding that Petitioner falls outside the latter category of aliens.

Thus, the clear language of *Diouf II*, which was echoed in *Padilla-Ramirez*, 2017 WL 2871513, at *2, removes any doubt that the government is required to provide Petitioner with a bond hearing before an immigration judge.

**V. Preliminary Injunction**

In his Motion for Preliminary Injunction and/or Temporary Restraining Order, Petitioner seeks the same relief requested in the Petition, namely, an order requiring Respondents to provide him with an individualized bond hearing. In light of the Court's ruling on the Petition, the other motions will be denied as moot. The Court will also deny Petitioner's two motions for expedited ruling as moot in light of this order.

**IT IS ORDERED:**

(1) Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is **granted**.

(2) Petitioner's Motion for Preliminary Injunction and/or Temporary Restraining Order (Doc. 3), and two Motions to Expedite Ruling (Docs. 6, 11, and 13) are **denied** as moot.

(3) Within **20 days** of the date of this Order, Respondents must provide Petitioner with a hearing before an Immigration Judge with the power to grant his release on bond if the Immigration Judge determines that he qualifies for release under applicable law.

(4) The Clerk of Court must terminate this action and enter judgment accordingly.

Dated this 1st day of September, 2017.

David G. Campbell
United States District Judge